UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------------X   For Online Publication Only
A.B.-L., by JANNA WEISS, his parent,

                    Plaintiff,

      -against-                                         **ORDER**
                                                            17-CV-1586 (JMA) (SIL)

NORTH SHORE CENTRAL SCHOOL
DISTRICT,

                    Defendant.
----------------------------------------------------------------------------------X

**AZRACK, United States District Judge:**

      On March 21, 2017, *pro se* plaintiff Janna Weiss commenced this action, on behalf of her child, A.B.-L., against defendant North Shore Central School District pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq.  On September 21, 2017, defendant filed a motion to dismiss the complaint.  On November 14, 2017, I referred defendant's motion to Magistrate Judge Steven I. Locke for a Report and Recommendation ("R&R").

      On January 26, 2018, Judge Locke issued an R&R recommending that defendant's motion to dismiss be granted and that the complaint be dismissed without prejudice for lack of subject matter jurisdiction. On February 9, 2018, plaintiff filed objections to Judge Locke's R&R.  Having conducted a review of the full record and the applicable law, I adopt Judge Locke's R&R in its entirety as the opinion of the Court.

      In reviewing a magistrate judge's report and recommendation, the court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s][are] made."  28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006).  The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. §

1

636(b)(1)(C).  Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error.  See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

I have undertaken a *de novo* review of the record, the R&R, and the instant objections, and I agree with Judge Locke's comprehensive and well-reasoned R&R.  Accordingly, the Court grants defendant's motion to dismiss, and dismisses the complaint without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close this case and to mail a copy of this order to the *pro se* plaintiff.

**SO ORDERED.**

Dated: June 28, 2018
Central Islip, New York

                                            /s/  (JMA)
                                            JOAN M. AZRACK
                                            UNITED STATES DISTRICT JUDGE